IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

UNITED STATES OF AMERICA, *ex rel.*
EMMA WILSON                                                                                           PLAINTIFF

V.                                            3:06CV00098 JMM

COUNSELING CONSULTANTS, INC.                                          DEFENDANT

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Pending is the Motion for Summary Judgment of Defendant Counseling Consultants, Inc. The Plaintiff responded to the motion and the Defendant replied. At the Plaintiff's request, the Court granted an extension of time to file a supplemental response to the motion. Plaintiff filed this supplement on January 2, 2009. After review of the record, the Court finds that the Motion for Summary Judgment should be GRANTED.

### Facts

Plaintiff Emma Wilson was employed by the Defendant Counseling Consultants, Inc. ("CCI") from August 2000 until May 5, 2005 as a case manager. CCI is a provider of mental health care to low income families in Eastern Arkansas. It employs case managers and therapists to provide afterschool care, counseling, and home visits to children and their families who are eligible for benefits under Medicare and/or Medicaid programs.

Plaintiff filed suit against CCI on behalf of herself as a Relator and on behalf of the United States alleging the Defendant violated the False Claims Act, 31 U.S.C. § 3729, et. seq.[1]

---

[1] Plaintiff filed this action on June 12, 2006 under seal. The United States has declined to prosecute or otherwise join in the action. Therefore, the matter was unsealed by the Court in June 2007 and Plaintiff is proceeding individually. "A private party may bring a civil action for violation of the False Claims Act for both the person and the United States Government." 31 U.S.C. § 3730(b)(1).

Plaintiff alleges that CCI knowingly submitted fraudulent bills for services to Medicare and/or Medicaid for reimbursement. Plaintiff alleges specifically that the Defendant billed Medicare for the services of its therapists when, in fact, the services were performed by case managers. Therapists, however, can be compensated at a higher rate than case managers. Therefore, Plaintiff alleges that the Defendant fraudulently altered the billing records in order to receive payment from Medicare and/or Medicaid at the higher therapist rate in violation of the False Claims Act, 31 U.S.C. § 3729, et. seq.

## Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the

> record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.  *Anderson*, 477 U.S. at 248.

### Analysis of the Law

"The False Claims Act imposes liability on '[a]ny person who knowingly presents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent claim for payment or approval.'"  *U.S. ex rel. Costner v. U.S.,* 317 F.3d 883, 886 (8th Cir. 2003)(quoting 31 U.S.C. § 3729(a)).  "In order to make a prima facie case under the FCA, [Plaintiff] must show that (1) the defendant made a claim against the United States; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent."  *U.S. ex rel. Golden v. Arkansas Game & Fish Com'n,* 333 F.3d 867, 870 (8th Cir. 2003)(citing *United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa Dep't of Human Servs.*, 269 F.3d 932, 936 (8th Cir.2001), cert. denied, 536 U.S. 925, 122 S.Ct. 2593, 153 L.Ed.2d 781 (2002)).

Plaintiff contends that she, and other case managers, were told by CCI that time the case managers spent with patients and billed to those patients was being changed to reflect that a therapist was with the patient.  Plaintiff contends that this was done in order to bill Medicaid or Medicare at the higher therapist rate.  Plaintiff states that if a therapist and a case manager billed

for the same hour with a patient, the Defendant would bill Medicare for the therapist rate not the case manager rate. Plaintiff states that the Defendant's management was aware of the fraudulent billing and that she was terminated for not complying with the practice. However, in her deposition, Plaintiff admits that she had no knowledge that the allegedly fraudulent time was actually billed to Medicaid. (Pl. Dep. at p. 17.) She admits that she was never involved with the actual billing other than the preparation of her own progress notes and billing slips and that she never reviewed or had personal knowledge of payments received by CCI from Medicaid. *Id.* In order to prove her claim, Plaintiff must be able to show that the Defendant actually submitted these fraudulent charges to Medicaid or Medicare for reimbursement. By her own admission, Plaintiff does not know whether the Defendant billed Medicaid for the fraudulent therapist time. Further, Plaintiff has not provided any documentation or evidence from other witnesses to prove that the Defendant filed fraudulent claims for government reimbursement. For this reason, Plaintiff's claim under the False Claims Act must be dismissed.

The Defendant's Motion for Summary Judgment (Docket # 31) is GRANTED. The Clerk is directed to close the case.

IT IS SO ORDERED this 7th day of January 2009.

James M. Moody
United States District Judge